UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                   Case No. 07-CR-09

TYREE POLLARD,

        Defendant.

RECOMMENDATION TO THE HONORABLE J.P. STADTMUELLER REGARDING THE DEFENDANT'S MOTION TO SUPPRESS

On January 9, 2007, the grand jury returned a two count indictment alleging in count one that Tyree Pollard ("Pollard") possessed with the intent to distribute marijuana in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D) and in count two that Pollard possessed a firearm and ammunition after having been previously convicted of a felony, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

On March 8, 2007, Pollard filed a motion to suppress on the basis that the search warrant failed to establish probable cause. The pleadings on the defendant's motion are now closed and the matter is ready for resolution. A final pretrial conference is scheduled for May 2, 2007 and a jury trial is scheduled to commence on May 7, 2007 before the Honorable J.P. Stadtmueller.

ANALYSIS

**Probable Cause**

"When an affidavit is the only evidence presented to a judge in support of a search warrant, the validity of the warrant rests solely on the strength of the affidavit." United States v. Peck, 317

F.3d 754, 755-756 (7th Cir. 2003) (citing United States v. Roth, 391 F.2d 507, 509 (7th Cir. 1967)). Probable cause is a fluid concept, United States v. McNeese, 901 F.2d 585, 592 (7th Cir. 1990), determined by the "totality of the circumstances." Illinois v. Gates, 462 U.S. 213, 238 (1983). An affidavit has made a proper showing of probable cause when it sets forth facts "sufficient to induce a reasonably prudent person to believe that a search . . . will uncover evidence of a crime." McNeese, 901 F.2d at 592; Gates, 462 U.S. at 238 (probable cause exists when there is a fair probability that contraband or evidence of a crime will be found in a particular place); United States v. Gilbert, 45 F.3d 1163, 1166 (7th Cir.1995).

The following facts are set forth in the affidavit accompanying the search warrant. On September 16, 2006, a sergeant with the Kenosha County Sheriff's Department received an anonymous tip that a vehicle, which was parked behind the Shagbark apartments, contained three pounds of marijuana. The anonymous tipster gave a sheriff's department sergeant a description of the vehicle, its make and model, its license plate, and where it could be found.

The sergeant located the vehicle where the tipster said it would be and called an officer with a canine to the scene. The canine made a positive alert as to the trunk of the vehicle. The sergeant continued surveillance and soon thereafter two subjects entered the vehicle and drive away. The sergeant stopped the vehicle, contacted the driver and passenger, and the driver stated that it was not his car but gave consent for the officers to search the vehicle. In the trunk, deputies recovered more than four hundred grams of marijuana wrapped in three separate plastic packages.

In a Mirandized statement, the driver stated that the car belonged to Melissa Jarvis ("Jarvis") and that she lived with Pollard, who was her boyfriend. The deputies had previously identified Jarvis as the registered owner of the vehicle. The driver stated that Jarvis allowed him to use the car and he did not know that the marijuana was there. The driver stated that he was at Jarvis'

apartment last night and that Pollard came out of the bedroom with a large plastic baggie that contained about half a pound of marijuana.

On these facts, a Kenosha County Circuit Court Judge issued a search warrant for Melissa Jarvis' apartment.

Pollard argues that the "warrant is deficient because it rests primarily on the uncorroborated hearsay-statement of an informant, [the driver], who was just arrested in a car with a large amount of marijuana and had every incentive to try to get himself out of trouble." (Pollard Mot. 5.)

Although the driver's statements are significant to the probable cause determination, the driver's statements are far from the only facts that would indicate that the items specified in the search warrant were likely to be found in Jarvis' apartment. Pollard fails to recognize the significance of the fact that nearly a pound of marijuana was found in the trunk of a car that was registered to Jarvis.

"An issuing court 'is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense.'" United States v. Lamon, 930 F.2d 1183, 1188 (quoting United States v. Malin, 908 F.2d 163, 166 (7th Cir. 1990)). The quantity and manner in which the marijuana recovered from the trunk was packaged was consistent with drug sales. "In the case of drug dealers, evidence is likely to be found where the dealers live." Id. (quoting United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir. 1986)).

The vehicle was kept under surveillance from the time that the canine alerted to the trunk area to the time that the vehicle was stopped and the officers did not observe the driver, the passenger, or anyone else place anything in the trunk during that time. The vehicle was registered to Jarvis and the fact that the vehicle was parked outside of Jarvis' apartment further supports the conclusion that the items specified in the search warrant are likely to be found inside Jarvis' apartment.

3

But it was not on these facts alone that support the conclusion that there was probable cause to search Jarvis' apartment. Aside from the driver's specific allegation regarding seeing Pollard the night before with half a pound of marijuana inside the apartment, there is the fact that the driver stated that he obtained the car from Jarvis. This, in addition to the fact that Jarvis was the registered owner of the vehicle, indicates that it was Jarvis who had primary control over the vehicle and thus was most likely to have had control over its contents, including the pound of marijuana in the trunk.

The driver's admittedly self-serving statement that he was not aware of the marijuana was inconsequential to the probable cause determination. The driver's statement that he observed Pollard with approximately half a pound of marijuana in the apartment the night before is relevant, but it is largely simply corroborative and consistent with what the police already had reason to suspect. Although the driver did not appear before the issuing judicial officer, was not previously proven reliable, and is to some degree inherently suspect given the driver's interest in obtaining a more favorable disposition of his own potential criminal matters, the statement nonetheless appears reliable given that it is based upon the driver's personal observations, is relatively detailed in that he provided the quantity and location of the marijuana, was corroborated by the deputies' discovery of marijuana in the car, and is current. See United States v. Mykytiuk, 402 F.3d 773, 776 (7th Cir. 2005) (citing United States v. Koerth, 312 F.3d 862, 866 (7th Cir. 2002)). Thus, the court is satisfied that the warrant was supported by probable cause, and therefore shall recommend that Pollard's motion to suppress be denied.

However, even if the affidavit failed to establish probable cause, the evidence seized need not be suppressed because the police officers who obtained and executed the warrant could have reasonably believed that they had obtained a valid warrant. See United States v. Leon, 468 U.S. 897 (1984).

4

**Leon Good Faith Exception**

Even if this court were to agree with Pollard that the affidavit did not establish probable cause suppression would be appropriate only if the affidavit was so lacking in probable cause that no reasonable police officer could have believed that the warrant was valid. Id. at 922.

If a police officer could have reasonably relied upon the search warrant, then evidence seized pursuant to the warrant shall not be suppressed simply because the search warrant was later determined to be defective. Id. "If a defendant is successful in establishing the invalidity of the search warrant, the burden then shifts to the Government to establish that the police relied in good faith on the judge's decision to accept the affidavit and issue the warrant." United States v. Koerth, 312 F.3d 862, 868 (7th Cir. 2002). A police officer's decision to seek a warrant is prima facie evidence of good faith. United States v. Harju, 466 F.3d 602, 607 (7th Cir. 2006); United States v. Merritt, 361 F.3d 1005, 1013 (7th Cir. 2004); Koerth, 312 F.3d at 868. Thus, the burden falls upon the defendant to rebut this prima facie case. Harju, 466 F.3d at 607.

Because the test is an objective one, it is not necessary that this court conduct an evidentiary hearing to determine whether the particular officers involved in the execution in the warrant at issue in this case did, in fact, rely upon it. The question is whether a reasonable and well-trained police officer would have believed that this warrant was valid. See Leon, 468 U.S. at 922 n.3; see also, United States v. Dickerson, 975 F.2d 1245, 1250 (7th Cir. 1992).

Police officers are not expected to be trained as lawyers and are not required review search warrants with the scrutiny demanded from a judicial officer. "Judicial officers have the responsibility to determine whether there is probable cause to issue a warrant; police officers should not be expected to question that determination." Harju, 466 F.3d at 606; see also, Illinois v. Krull, 480 U.S. 340, 349 (1987) ("It is the judicial officer's responsibility to determine whether probable cause exists to issue a warrant, and, in the ordinary case, police officers cannot be expected to

5

question that determination."); Massachusetts v. Sheppard, 468 U.S. 981, 989-90 (1984) ("[W]e refuse to rule that an officer is required to disbelieve a judge who has just advised him, by word and by action, that the warrant he possesses authorizes him to conduct the search he has requested."). However, "[p]olice officers in effecting searches are charged with a knowledge of well-established legal principles as well as an ability to apply the facts of a particular situation to these principles," United States v. Koerth, 312 F.3d 862, 869 (7th Cir. 2002) (quoting United States v. Brown, 832 F.2d 991, 995 (7th Cir. 1989)), and therefore cannot blindly rely upon a search warrant simply because it bears the signature of a judge.

As explained above, this court believes that the warrant was supported by probable cause. In light of the fact that a state court judge and a federal magistrate judge both believe that the warrant was supported by probable cause, it is the view of this court that it would not have been unreasonable for the police officers involved in this case to believe that they were acting pursuant to a valid warrant. See Harju, 466 F.3d at 611 n.5.

**IT IS THEREFORE RECOMMENDED** that the defendant's motion to suppress be **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 22nd day of March, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge