UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

       Plaintiff,

       v.                                                           Case No. 07-CR-09

TYREE POLLARD,

       Defendant.

_____

**ORDER**

On January 9, 2007, a grand jury sitting in this district returned a two-count indictment charging Tyree Pollard ("Pollard") with drug and firearm offenses in violation of 21 U.S.C. § 841 and 18 U.S.C. §§ 922 and 924. On February 16, 2007, Pollard was arraigned and entered a plea of not guilty on each count. On March 8, 2007, Pollard, through his attorney, filed a motion to suppress all physical items, observations, information, proximate leads, and other fruits obtained from the September 16, 2006 search of his Kenosha, Wisconsin apartment. Magistrate Judge Aaron E. Goodstein issued a recommendation to this court that Pollard's motion should be denied. Pollard filed a timely objection to the recommendation, and the government has responded in kind. For the reasons set forth below, the court will adopt the recommendation of Magistrate Goodstein in part, and deny Pollard's motion to suppress.

## BACKGROUND

The following facts are set forth in the affidavit accompanying the search warrant. On September 16, 2006, a sergeant with the Kenosha County Sheriff's Department received an anonymous tip that a vehicle parked behind the Shagbark apartments had three pounds of marijuana located inside it. The anonymous tipster gave a sheriff's department sergeant a description of the vehicle, including its make and model, its license plate, and where it could be found. The sergeant located the car where the tipster said it would be and called an officer with a canine to the scene. The canine made a positive alert at the trunk of the vehicle. The sergeant continued surveillance and soon after observed two individuals enter the vehicle and drive away. The sergeant stopped the vehicle, contacted the driver and passenger, and the driver stated that it was not his car but gave consent for the officers to search the vehicle. In the trunk, deputies recovered more than 400 grams of marijuana wrapped in three separate plastic packages.

After being read his Miranda warnings, the driver said that the car belonged to Melissa Jarvis ("Jarvis") and that she lived with Pollard, who was her boyfriend. The deputies had previously identified Jarvis as the registered owner of the vehicle. The driver stated that Jarvis allowed him to use the car and he did not know that the marijuana was there. The driver also claimed that he was at Jarvis' apartment the night before and that Pollard came out of the bedroom with a large plastic baggie containing about half a pound of marijuana. Based upon these facts, a Kenosha

County Circuit Court Judge issued a search warrant for Jarvis' apartment. Pollard argued that the "warrant is deficient because it rests primarily on the uncorroborated hearsay-statement of an informant, [the driver], who was just arrested in a car with a large amount of marijuana and had every incentive to try to get himself out of trouble." (Pollard's Mot. 5.) Magistrate Goodstein disagreed with Pollard's position and found that probable cause did exist, but even if it did not, the "good faith" exception as set forth in *United States v. Leon,* 468 U.S. 897(1984), would save the evidence from suppression. Pollard's objection now argues that the "magistrate judge erred in discounting [the] deficiencies in the driver's statements in assessing the probable cause determination" and "based upon the obvious deficiencies in the affidavit that the *Leon* good faith exception is not applicable." (Pollard's Objection 3.)

## ANALYSIS

This court must consider the totality of the circumstances when reviewing the probable cause determination supporting the issuance of a warrant. *United States v. Spears,* 965 F.2d 262, 269 (7th Cir.1992) (citing *Illinois v. Gates*, 462 U.S. 213 (1983)). Reasonable minds may differ on whether an affidavit establishes probable cause, thus, the preference for warrants is most appropriately effectuated by according great deference to a magistrate judge's probable cause assessment. *United States v. Leon,* 468 U.S. 897, 914 (1984).

In reviewing the validity of a warrant based in part upon an informant's tip, the Seventh Circuit has established several factors that a court should consider: (1) the

extent to which the police have corroborated the informant's statements; (2) the degree to which the informant has acquired knowledge of the events through first-hand observation; (3) the amount of detail provided; and (4) the interval between the date of the events and police officer's application for the search warrant. *United States v. Jones*, 208 F.3d 603, 609 (7th Cir.2000). In addition to these four factors, the court should also consider whether or not the informant personally appeared and presented an affidavit or testified before an issuing judge, "thus allowing the judge to evaluate the informant's knowledge, demeanor, and sincerity." *United States v. Koerth*, 312 F.3d 862, 866 (7th Cir. 2002) (citing *United States v. Reddrick,* 90 F.3d 1276, 1281 (7th Cir.1996)). Although the issuing judge's decision is to be given a considerable amount of weight, "[i]t is well-established that appellate courts may not uphold a warrant issued based solely on conclusory allegations." *Koerth*, 312 F.3d at 867. Thus, the affidavit must contain more than "bare-bones" assertions. *Id.* A final consideration in reviewing an affidavit is the credibility of the informant. *Id.*

Given these standards set forth by the Seventh Circuit, the court finds that the affidavit providing support for the search warrant lacks requisite probable cause for issuance of a valid warrant. The warrant was issued based upon statements given by the driver of the car that had been pulled over shortly after his arrest, and must be considered in light of the *Jones* factors discussed above. *See Jones*, 208 F.3d at 609. First, the affidavit itself did little in the way of corroborating the driver's statements. The officer's averments relate solely to what the driver said; he does

-4-

not provide any first-hand information relating to a probable cause determination. Next, the detail provided in the affidavit is somewhat lacking. The statements are little more than conclusions and assertions of wrongdoing by the defendant, and the factual foundation for the information is, at best, very minimal.

Similarly troubling is the lack of information detailing the reliability of the informant. The Supreme Court has held that the statements of an informant of unknown reliability may provide the basis for probable cause only if a reasonable person might consider the statements are worthy of belief. *Illinois v. Gates,* 462 U.S. 213, 238 (1983). In this particular case, these statements were made shortly after an arrest, and therefore seem extremely self-serving and suspect. Moreover, the affidavit is silent as to the reliability of the informant, or if the informant had previously provided law enforcement with trustworthy information. Finally, the driver himself did not stand before the issuing judge to testify before the issuance of the warrant, nor did he provide his own sworn affidavit. If that were the case, the issuing judge would have had slightly more information in determining the credibility of the driver. On the whole, it's difficult to assume that the post-arrest statements of an individual with no other information as to his reliability are worthy of belief. *See United States v. Olson*, 408 F.3d 366, 370 (7th Cir. 2005) (stating a newly-arrested informant "merits a greater dose of skepticism when assessing his credibility").

Given the totality of the circumstances, most notably, the limited factual information and the failure of the affidavit to provide any facts relating to the reliability

of the driver, the court respectfully disagrees with Magistrate Goodstein's determination that the affidavit established probable cause for the issuance of a warrant. In contrast, however, this court finds that Pollard has successfully established that the search warrant was invalid due to the lack of probable cause. That said, suppression of the evidence is only appropriate if the court also finds that the affidavit was so lacking in probable cause that no reasonable officer could have believed that it was valid. *See United States v. Leon*, 468 U.S. 987 (1984).

Once a court has determined that the warrant issued lacked probable cause, the burden then shifts to the government to establish the *Leon* "good faith" exception. *Id.* at 924; *see also United States v. Koerth*, 312 F.3d 862, 868 (7th Cir. 2002). The *Leon* court determined that an officer's decision to obtain a search warrant in the first place is *prima facie* evidence that he was acting in good faith. *Id.* at 921. Thus, in this particular case, the government has made a prima facie showing for good faith because a warrant was in fact obtained. Pollard may rebut this showing in one of two ways: (1) presenting evidence that the magistrate "wholly abandoned his judicial role" and failed to "perform his neutral and detached function"; or (2) by establishing that the affidavit was "so lacking in indicia of probable cause" such that relying upon it was "entirely unreasonable." *Id.* at 924.

In his motion to suppress and objection to the recommendation, Pollard does not assert that the issuing judge "wholly abandoned his judicial role" or failed to "perform his neutral and detached function." Rather, he argues "based on the

-6-

obvious deficiencies in the affidavit that the *Leon* good faith exception is not applicable." (Pollard's Objection 3.) The Seventh Circuit evaluates a police officer's good-faith reliance on a warrant "with an analysis similar to that used in cases involving the affirmative defense of qualified immunity." *Koerth*, 312 F.3d at 869 (citing *Olson v. Tyler*, 825 F.2d 1116, 1120 (7th Cir.1987)). That is, the court is to hold the executing officer to have "knowledge of well-established legal principles as well as an ability to apply the facts of a particular situation to these principles." *United States v. Brown*, 832 F.2d 991, 995 (7th Cir. 1987). Stated another way, the good faith exception will apply unless (1) a court has clearly held that a "materially similar affidavit previously failed to establish probable cause under facts that were indistinguishable from those presented in the case at hand"; or (2) the affidavit was so clearly lacking that no reasonable officer would have applied for the warrant. *Koerth,* 312 F.3d at 869. Given this standard, the court finds that the *Leon* good faith exception saves the otherwise faulty warrant and suppression is not warranted.

A review of recent Seventh Circuit decisions reveals that there are no cases substantially similar to Pollard's in which the court clearly held that no probable cause existed. Neither the government nor Pollard cite to one either. *Owens v. United States*, 387 F.3d 607 (7th Cir. 2004) is dissimilar in that the affidavit in *Owens* was "bare-bones," and stated that an informant purchased crack from a residence believed to be Owens' several months earlier. *Id.* at 608. In contrast, Pollard's informant averred to recent observations of an approximately known amount. *United*

*States v. Koerth* is also distinguishable because there, the court determined that a warrant was invalid when the magistrate was presented with mere conclusions and assertions of wrongdoing, without a factual basis, and based upon the testimony of an informant of unknown reliability who did not personally testify. *Koerth*, 312 F. 3d 868-69. Although the affidavit in Pollard's case was weak on the facts and conclusory, the *Koerth* court did not articulate such a clear standard that a police officer could consider the *Koerth* holding "well-established" and having definitive and applicable standards to Pollard's situation. Additionally, the Seventh Circuit has endorsed a "narrow" application of situations where the good faith exception might be forfeited. *See United States v. Mykytiuk*, 402 F.3d 773, 777 (7th Cir. 2005) (noting that the Seventh Circuit has taken a cautious approach in determining if a legal standard is well-established).

Furthermore, although the factual basis for the affidavit is on its face sparse, other events could have reasonably corroborated the officer's probable cause belief. Specifically, a substantial amount of marijuana was found in the defendant's girlfriend's car. This car had been under surveillance, and the officers knew it was registered to Jarvis. Acting on this fact, the officer could have reasonably concluded that there was likely to be more drugs found in Jarvis' apartment. Courts have previously held that "evidence [of drug sales] is likely to be found where the dealers live" *United States v. Lamon,* 930 F.2d 1183, 1188 (7th Cir. 1991).

Finally, the Supreme Court has held that the purpose of the exclusionary rule must be kept in mind when determining if the good faith exception applies. "[T]he purpose identified by the Supreme Court as the prime purpose of the rule, if not the sole one, 'is to deter future unlawful police conduct.'" *United States v. Harju*, 466 F.3d 602, 605 (7th Cir. 2006) (quoting *United States v. Janis*, 428 U.S. 433, 446 (1976)). As the *Harju* court noted, "generally speaking, excluding evidence seized pursuant to a warrant will not serve the rule's remedial purpose." *Id.* at 606. As the *Leon* court articulated, "[p]enalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations." *Leon*, 468 U.S. at 922. In accordance with this theory and application, this court similarly finds that although the affidavit failed to provide probable cause for the issuance of the search warrant, the Fourth Amendment's intentions would not be furthered by suppressing the evidence in Pollard's case.

Accordingly,

**IT IS ORDERED** Magistrate Judge Aaron Goodstein's Recommendation [Docket # 17] will be **ADOPTED IN PART**;

**IT IS FURTHER ORDERED** that Tyree Pollard's motion to suppress [Docket # 13] be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin this __2nd__ day of May, 2007.

BY THE COURT:

_s/ J. P. Stadtmueller_
J. P. Stadtmueller
U.S. District Judge

-10-

Case 2:07-cr-00009-JPS   Filed 05/02/07   Page 10 of 10   Document 22